UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K.S.,

    Plaintiff,

v.

DETROIT PUBLIC SCHOOLS, a
Michigan municipal corporation, CHARLES PUGH,
ROY ROBERTS, ROBERT BOBB, BERRY GREER,
and MONIQUE MCMURTRY,

    Defendants.

Case No. 14-cv-12214
Hon. David M. Lawson
Mag. Michael J. Hluchaniuk

_____/

SEIKALY STEWART & BENNETT, P.C.
Attorneys for Plaintiff
WILLIAM R. SEIKALY (P33165)
CHOI T. PORTIS (P77123)
BENJAMIN J. WILENSKY (P75302)
30455 Northwestern Highway, Ste. 250
Farmington Hills, MI 48334
(248)785-0102
wrs@sslawpc.com

DETROIT PUBLIC SCHOOLS
OFFICE OF GENERAL COUNSEL
Attorneys for Defendants Detroit Public
Schools, Roy Roberts, Robert Bobb, Berry
Greer, and Monique McMurtry
THEOPHILUS E. CLEMONS (P47991)
PHYLLIS HURKS-HILL (P48809)
REBECCA SHAW-HICKS (P40732)
3011 W. Grand Blvd., Ste. 1002
Detroit, MI 48202
(313) 873-4527
Theophilus.clemons@detroitk12.org

DELDIN LAW, PLLC
Attorneys for Defendant Charles Pugh
MARC A. DELDIN (P71041)
48 South Main Street, Ste. 3
Mount Clemens, MI 48043
(586) 741-8116
marc@deldinlaw.com

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

1

NOW COMES the Plaintiff, K.S., by and through his attorneys, SEIKALY STEWART & BENNETT, P.C., and for his Motion for Leave to File First Amended Complaint states:

1. This is an action alleging claims under 42 U.S.C. § 1983, Title IX, Michigan's Elliott-Larsen Civil Rights Act, as well as common law claims, arising from Defendant Charles Pugh's sexual harassment and abuse of Plaintiff during the 2012-2013 school year, and Pugh's co-defendants' deliberate indifference to that harassment and abuse.

2. Defendants Detroit Public Schools, Roy Roberts, Robert Bobb, Berry Greer, and Monique McMurtry ("the DPS defendants") have filed a Motion for Judgment on the Pleadings [Dkt. no. 31]. In that motion, the DPS defendants have challenged the sufficiency of Plaintiff's complaint under Fed. R. Civ. P. 12(c), claiming that, even accepting all of Plaintiff's allegations as true, Plaintiff cannot possibly prevail in this matter.

3. For all the reasons stated in Plaintiff's Response [Dkt. no. 54] to that Motion for Judgment on the Pleadings, Plaintiff's pleadings are adequate.

4. However, in the event that the Court determines that Plaintiff's allegations in his current Complaint are insufficient, Plaintiff should be permitted to amend his Complaint to correct any deficiencies the Court may find.

5. A motion made under Fed. R. Civ. P. 12(c) is evaluated under the same standards as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010).

6. Before dismissing a case for failure to state a claim, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service*, 911 F.2d 242, 247 (9th Cir. 1990).

7. Moreover, amendment of pleadings in the context relevant to the instant case is governed by Fed. R. Civ. P. 15(a)(2), which states that leave to amend pleadings should be "freely" given "when justice so requires." The Supreme Court has held that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, the Sixth Circuit has noted that Rule 15 "plainly embodies a liberal amendment policy." *Louisiana School Employees' Retirement System v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010); see also *Howard v. Kerr Glass Mfg. Co.*, 699 F.2d 330, 333 (6th Cir. 1983)

("[A]mendments to pleadings, <u>particularly where there is no surprise to the adversary party</u>, are viewed with liberality by the courts.") (emphasis added).

8. Plaintiff has attached as **Exhibit 1** his proposed First Amended Complaint. That proposed pleading does two things: first, it clarifies his existing allegations, as described in detail in Plaintiff's Response to the DPS defendants' motion for judgment on the pleadings. Second, it adds two additional state law claims for assault and battery against Defendant Pugh.

9. Plaintiff has not delayed in amending his pleadings, as this Motion has been filed concurrently with his response to a motion challenging the sufficiency of his existing pleadings. There is no evidence that Plaintiff has acted in bad faith or for a dilatory motive, and this is plaintiff's first request for amendment, so the "repeated failure" exception does not apply. Additionally, "[o]rdinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). No undue prejudice exists, as discovery has not closed, and Plaintiff is amenable to a reasonable extension of discovery to eliminate *any* prejudice which may exist. Moreover, the Sixth Circuit has noted the extremely high bar that exists to show undue prejudice. *Moore v. City of Paducah*, 790 F.2d 557, 560-62 (6th Cir. 1986) (collecting cases finding that no undue prejudice exists). Finally, Plaintiff explained in significant detail in his Response brief to the motion for judgment on the pleadings how the amended complaint would not be

4

futile, as it could survive a motion to dismiss under Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

10. Finally, Plaintiff's amendment to bring new assault and battery claims against Pugh should be permitted, as denial of an amendment is an abuse of discretion where "the newly asserted claim would be supported by facts set forth in the original claim." *Moore*, *supra*, 790 F.2d at 561 (citing *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

11. Accordingly, <u>if</u> the Court finds that Plaintiff's original Complaint is deficient in any fashion identified in the DPS defendants' motion for judgment on the pleadings (or otherwise believes that the case would benefit from more detailed pleadings) Plaintiff respectfully submits that the Court should grant this Motion so that those deficiencies may be corrected.

12. Pursuant to E.D. Mich. L.R. 7.1, on March 21, 2015, Plaintiff's counsel sought concurrence in the relief sought in this Motion by e-mailing counsel for the DPS defendants, Theophilus Clemons, and counsel for Charles Pugh, Marc Deldin. Counsel explained the basis for the Motion, and sought Mr. Clemons' and Mr. Deldin's stipulation to filing the attached First Amended Complaint in the event that the Court would otherwise grant the DPS defendants'

motion for judgment on the pleadings. Counsel for Plaintiff followed up the e-mail request with a telephone call to Mr. Clemons on March 23, 2015. That same day, Plaintiff also sent both defense counsel a copy of the proposed amended complaint. On March 24, 2015, Mr. Clemons stated that he would not stipulate in the relief sought, thus necessitating this Motion. Mr. Deldin has not yet responded, as he is currently on vacation. When he returns, counsel will again contact him to request his concurrence; but, given Mr. Clemons' refusal to concur, this Motion is necessary in any event. While counsel is aware of the Court's Order dated March 5, 2015 [Dkt. no. 43], requiring a face-to-face meeting given that this Motion is being offered as a contingency in the event that the Court would otherwise grant Defendants' Motion for Judgment on the Pleadings, and in fact, could be viewed as part-and-parcel of Plaintiff's response to same, Plaintiff does not believe that a face-to-face meeting would or could be of any further benefit to resolving these issues.

    WHEREFORE, for all the foregoing reasons, Plaintiff K.S. respectfully requests that this Honorable Court grant leave for him to file his First Amended

Complaint, attached as Exhibit 1.

                                          Respectfully submitted,

                                          SEIKALY STEWART & BENNETT, P.C.
                                          Attorneys for Plaintiff

By:   /s/ William R. Seikaly
        WILLIAM R. SEIKALY (P33165)
        30445 Northwestern Hwy., Ste. 250
        Farmington Hills, Michigan 48334
        (248) 785-0102
        wrs@sslawpc.com

Dated: March 24, 2015

---

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

---

The essential facts and authorities in support of this Motion are set forth in the Motion itself. The Sixth Circuit has held that "[t]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957). *Tefft* additionally held that the foregoing principle is "especially important when, as here, denial of the amendment has resulted in dismissal of the action." *Id.* at 639 (quoting *John M. Peters Construction Co. v. Marmar Corp.*, 329 F.2d 421 (6th Cir. 1964)). The instant case presents such a circumstance, and so the Court should be particularly liberal in allowing amendment.

Plaintiff's Response to the DPS defendants' motion for judgment on the pleadings extensively sets forth the evidentiary basis and the reasons for the amendment; Plaintiff incorporates those arguments here by reference. For all those reasons, as well as those stated in this Motion, Plaintiff respectfully requests that, if the Court determines that Plaintiff's Complaint is deficient in any way, that the Court grant this Motion and permit amendment to fix the problem.

                                          Respectfully submitted,

                                          SEIKALY STEWART & BENNETT, P.C.
                                          Attorneys for Plaintiff

                              By:   /s/ William R. Seikaly
                                          WILLIAM R. SEIKALY (P33165)
                                          30445 Northwestern Hwy., Ste. 250
                                          Farmington Hills, Michigan 48334
                                          (248) 785-0102
                                          wrs@sslawpc.com

Dated: March 24, 2015

---

### **CERTIFICATE OF SERVICE**

---

      Benjamin J. Wilensky hereby certifies that on this 24th day of March, 2015, he filed the foregoing document with the Clerk of the Court via the Court's ECF system, which will automatically serve the document upon all counsel of record.

                                          /s/ Benjamin J. Wilensky (P75302)

kdoe100.docx