UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K.S.,

               Plaintiff,                    Case Number 14-12214

v.                                      Honorable David M. Lawson

DETROIT PUBLIC SCHOOLS,          Magistrate Judge Michael J. Hluchaniuk
CHARLES PUGH, ROY ROBERTS,
ROBERT BOBB, BERRY GREER,
and MONIQUE MCMURTRY,

               Defendants.

_____/

## ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DIRECTING DEFENDANTS ROY ROBERTS AND ROBERT BOBB TO APPEAR FOR DEPOSITION

This matter is before the Court on the Detroit Public Schools defendants' objections to the magistrate judge's order directing the parties to complete the depositions of defendants Roy Roberts and Robert Bobb on or before July 17, 2015.

On June 18, 2015, after a hearing on the plaintiff's motion to compel discovery and for sanctions, Magistrate Judge Michael J. Hluchaniuk issued a bench order requiring the depositions of the individual defendants Roy Roberts and Robert Bobb to be completed by July 17, 2015, unless the parties agreed to a later date. The text order docketed by the magistrate judge reads in its entirety as follows:

> For the reasons more fully stated on the record during the hearing on this motion, plaintiff's motion for sanctions (Dkt. 62) is granted in part. Plaintiff is permitted to take the depositions of defendants Roy Roberts and Robert Bobb. The depositions shall be at a time and place to be agreed to by the parties and are to take place no later than July 17, 2015, unless a later date is agreed to by the parties. No further relief is provided to plaintiff based on this motion. No costs are awarded.

Bench Order [dkt. #77].

On July 2, 2015, the Detroit Public Schools defendants filed an objection to the magistrate judge's order under Federal Rule of Civil Procedure 72.  The defendants contend that (1) the order allowing the plaintiff to depose the defendants was contrary to law because clearly established case law of the Supreme Court and this circuit dictates that all discovery should be halted while a dispositive motion filed by a government defendant and premised on a defense of qualified immunity remains pending; and (2) the magistrate judge failed to discuss on the record any of the factors relevant to the imposition of sanctions under Federal Rule of Civil Procedure 37(d)(1)(A)(i).

Under 28 U.S.C. § 636(b)(1), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions.  28 U.S.C. § 636(b)(1)(A).  Federal Rule of Civil Procedure 72 allows parties fourteen days after service of an order entered by a magistrate judge to file their objections to the order.  Fed. R. Civ. P. 72(a). The act of filing objections, however, does not stay the force of the magistrate judge's order, which "remains in full force and effect."  E.D. Mich. LR 72.2.   Upon receiving objections, the Court reviews an order by a magistrate judge on a nondispositive matter to determine whether the decision is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).  A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  Where there are two plausible views, a decision cannot be "clearly erroneous."  *Anderson v. City of Bessemer City, N. Car.*, 470 U.S. 564, 573 (1985).

The defendants' first objection is moot in light of the Court's recent ruling granting in part their motion for judgment on the pleadings. On July 21, 2015, the Court filed an opinion and order granting in part the DPS defendants' motion for judgment on the pleadings and dismissing all of the plaintiff's claims against them under the Fourteenth Amendment and 42 U.S.C. § 1983 (counts I through V of the first amended complaint). Those are the only claims that the DPS defendants argued ought to be dismissed on the basis of qualified immunity, both in their briefing on the motion for judgment on the pleadings and in their subsequently filed motion for summary judgment. The claims that remain pending are brought under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(1), and under the Michigan Elliot-Larsen Civil Rights Act (ELCRA). The DPS defendants have not asserted the affirmative defense of qualified immunity to those remaining claims; that defense does not apply to them.

The defendants' second objection is groundless because the magistrate judge expressly declined to award either costs or sanctions, but ordered only that the depositions of the named parties must be completed by a date certain.

It is undisputed that the plaintiff noticed the depositions of the named individual defendants before the close of discovery on April 15, 2015. The magistrate judge ordered the depositions to be completed by July 17, 2015, but it appears that counsel for defendants Roberts and Bobb has to date refused to produce either of them for deposition, or to agree on a date and time when they will be produced. The parties, nevertheless, already have filed and briefed motions for summary judgment, which remain pending, and the jury trial in the case is set to begin in less than 90 days.

The testimony of defendants Roberts and Bobb plainly would be relevant to the litigation of the claims raised against them and the affirmative defenses that they have pleaded in their answer

-3-

to the complaint, and the defendants have offered no good reason why their depositions should not be completed promptly. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). In particular, "[a] party seeking discovery may move for an order compelling an answer [if] a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B).

The defendants' objections are baseless or moot. The magistrate judge's order for the depositions defendants Roy Roberts and Robert Bobb remains in effect. LR 72.2.

Accordingly, it is **ORDERED** that the defendants' objections to the magistrate judge's order [dkt. #78] are **OVERRULED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 22, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 22, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI