## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division – Detroit

_____

|  |  |  |
|---|---|---|
| K.S., | ) | Case No. 2:14-cv-12214-DML-MJH |
|  | ) | District Judge David M. Lawson |
| Plaintiff, | ) | Mag. Judge Michael J. Hluchaniuk |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| DETROIT PUBLIC SCHOOLS et al, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

_____

## CHARLES PUGH'S MOTION IN LIMINE TO EXCLUDE IMPROPER CHARACTER EVIDENCE AND USE OF CERTAIN WORDS

Charles Pugh brings this Motion in Limine to Exclude Improper Character Evidence and Use of Certain Words and, for the reasons set forth in the accompanying Brief, respectfully respectfully requests that this Court: (A) exclude Plaintiff from offering improper character evidence through the testimony of Tawana Simpson, Elena Herrada, Ida Short, LaMar Lemmons, Marcus Bright and Nathaniel Hill; and (B) prohibit Plaintiff, his counsel, and witnesses from using certain words to describe Mr. Pugh or his conduct.

Despite reasonable efforts, the movant was unable to conduct an in person conference with Plaintiff's counsel. Counsels' schedules could not accommodate

an in person meeting. However, on October 1, 2015, movant sent an extensive

email to counsel that outlined the items sought to be excluded. Later that afternoon,

counsel and Mr. Seikaly had a 45-minute phone call that specifically addressed the

issues in these motions. The phone call was very productive and several items were

agreed upon.

Respectfully submitted:

/s/ Marc A. Deldin
Deldin Law, PLLC
48 S. Main, Suite 3
Mount Clemens, MI 48043
(586) 741-8116
marc@deldinlaw.com
P71041
*Attorney for Charles Pugh only*

October 5, 2015

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division – Detroit

| | | |
|---|---|---|
| K.S., | ) | Case No. 2:14-cv-12214-DML-MJH |
| | ) | District Judge David M. Lawson |
| Plaintiff, | ) | Mag. Judge Michael J. Hluchaniuk |
| | ) | |
| v. | ) | |
| | ) | |
| DETROIT PUBLIC SCHOOLS et al, | ) | |
| | ) | |
| Defendants. | ) | |

# BRIEF IN SUPPORT CHARLES PUGH'S MOTION IN LIMINE TO EXCLUDE IMPROPER CHARACTER EVIDENCE AND USE OF CERTAIN WORDS

## STATEMENT OF ISSUES PRESENTED

A. Should the Court prohibit Plaintiff, his counsel, and his witnesses from using words such as "pedophile," "pedophiliac," "young boys," or "underage boys," or similar words, when there is no evidence to support these allegations and it would be unfairly prejudicial to Mr. Pugh?

B. Is evidence of Mr. Pugh's character or character trait admissible?

C. If character evidence is admissible, is it limited to reputation testimony?

D. Should Plaintiff be excluded from offering specific instances of conduct to prove Mr. Pugh's character when his character is not an essential element of a claim or defense?

E. Should the Court exclude the testimony of DPS school board members when their testimony concerns a reputation that is not relevant in this case, is unnecessarily cumulative, rife with hearsay, and there are other evidentiary concerns?

F. Should the Court exclude testimony from Marcus Bright and Nathaniel Hill when their testimony is offered as extrinsic evidence to prove Mr. Pugh's character for truthfulness?

## MOST CONTROLLING AUTHORITIES

FED. R. EVID. 404

FED. R. EVID. 405

FED. R. EVID. 608(b)

## I.  Counsel's Use of Certain Words regarding Pedophilia

Despite being legally an adult at all relevant times, Plaintiff has repeatedly claimed that Mr. Pugh has pedophiliac tendencies or is a pedophile. (See e.g. Dkt. No. 56-1, p. 5; Dkt No. 82, pp. 6, 34, 36; Dkt. No. 85, p. 12) There is zero psychological evidence, or even theory, to support this assertion. *See* Am. Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders 213-30 (5th ed. 2013) (providing diagnostic criteria for pedophilic disorder and it requires "arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child or children (generally age 13 years and younger)").

Plaintiff has agreed that neither he nor his counsel would, directly or indirectly, refer to Mr. Pugh as a "pedophile", that he has "pedophiliac tendencies," that he likes "young boys" or "underage boys" or any similar words. Plaintiff could not agree that witnesses wouldn't use these words when testifying. This is concerning. These words have no relevance in this case and would cause substantial prejudice against Mr. Pugh. FED. R. EVID. 403.

## II.  Improper Character Evidence

Mr. Pugh anticipates that Plaintiff will offer inadmissible character evidence from Tawana Simpson, Elena Herrada, Ida Short, LaMar Lemmons, Marcus Bright and Nathaniel Hill. Each witness is addressed below.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). There are exceptions for certain criminal cases and for impeachment under Rules 607, 608, 609. Id.  Character evidence can be admissible for other purposes, such as "proving motive, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"*When* evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a) (emphasis added).  However, a specific instance of a person's conduct is admissible to prove character or a character trait *only* when character is "an essential element of a charge, claim, or defense." Id.

Not a single one of these witnesses can offer specific instances of conduct of Mr. Pugh's character because his character is not an essential element of a claim or defense. If the Court permits character evidence, which it shouldn't, it can only be through reputation testimony.

The school board witnesses – Tawana Simpson, Ida Short, Elena Herrada, and LeMar Lemmons – pose further problems under Fed. R. Evid. 403 because this is the needless presentation of cumulative evidence. Simpson, Short, and Herrada will all offer testimony that Mr. Lemmons told the emergency managers that Mr.

Pugh had a reputation for having inappropriate relationships with "young boys." This is unnecessarily cumulative and also constitutes inadmissible hearsay. FED. R. EVID. 802.

There are also serious concerns under FED. R. EVID. 402 and 403. Since none of this alleged reputation testimony is similar to what Plaintiff alleges occurred in this case, it lacks any relevance to Plaintiff's claims. Even if relevant, the prejudice to Mr. Pugh will outweigh any probative value that these witnesses can offer. Accusing Mr. Pugh of being attracted to "young boys" – especially when that is not a fact in issue in this case – is a serious offense and will prejudice the jury against him. There is no dispute that Plaintiff was not a "young boy" at the times relevant to his complaint.

### *Tawana Simpson*

Ms. Simpson will testify that Mr. Pugh's reputation in the community was that he was "a person who dates, romantically, underage boys" and that she *heard* LeMar Lemmons convey this information to Defendant Bobb. Simpson Aff. Ex. 1. She will provide a specific instance when she claims to have seen Mr. Pugh at a concert in 2009. Ms. Simpson will testify that, at the 2009 concert, she spoke with a young male that claims he was "15-16 years old [and said that he was Charles Pugh's boyfriend]." Ex. 1. In addition to the relevancy and character evidence

concerns set forth above, Ms. Simpson's testimony is also inadmissible hearsay, both as to what Mr. Lemmons said and the alleged concert goer. FED. R. EVID. 802.

### Elena Herrada

Ms. Herrada is likely to testify that she was in a meeting with Defendant Robert Bobb when LeMar Lemmons told Mr. Bobb that Mr. Pugh "had a history of inappropriate relationships with young boys." Herrada Aff. Ex. 2. Just as with Ms. Simpson, Ms. Herrada's testimony also constitutes inadmissible hearsay. FED. R. EVID. 802. She is testifying to what Mr. Lemmons said and there is no exception for this type of hearsay.

### Ida Short

Ms. Short, also a DPS board member, lacks the personal knowledge necessary to testify. She will testify that other board members were "aware that Mr. Pugh was known to keep company with very *young, often underage*, boys . . . [and that they were concerned] because Mr. Pugh was thought to date *underage* teenage boys." Short Aff. Ex. 3. In addition to the character evidence and hearsay concerns, Ms. Short's affidavit shows that she lacks the required personal knowledge to testify. Her affidavit states that she was "aware" of other board members being "aware" of Mr. Pugh's purported character. *See* FED. R. EVID. 602 (requiring personal knowledge to testify).

***LeMar Lemmons***

Mr. Lemmons is expected to offer character evidence based upon "barber

shop conversation." This isn't a phrase that really means reputation. It is literally a

single conversation that Mr. Lemmons had with his barber. In his deposition, Mr.

Lemmons testified as follows:

> The barber shop conversation was that Charles Pugh had
> inappropriate relationships – and this was strictly rumor -- with
> underage boys.  That he was rumored to have -- and I can tell
> you exactly my barber told me this directly.  A lot of times you
> don't remember who said what in the barber shop. But in this
> instance I can.  He said, my barber --     . . . said that, 'Charles
> Pugh had been known to pick up some young men at Northern
> High School.'

Transcript LeMar Lemmons Dep., 40:16 – 41:5, Ex. 4. The evidence rules do not

contain a "barber shop" exclusion for hearsay or character evidence. Hearing a

statement from your barber does not qualify as admissible character evidence in

the form of reputation testimony. Mr. Lemmons cannot testify as to the "barber

shop conversation." This is also a specific instance of Mr. Pugh's alleged conduct

and inadmissible because his character is not an essential element in this case.

Most interestingly, Mr. Lemmons' testimony conflicts with that of the other

board members. In his deposition, he testified that he took care to not impugn Mr.

Pugh's character when discussing the issue with Defendants Bobb and Roberts: "I

didn't want to phrase it in any way that I had evidence that would impugn the

character of Mr. Charles Pugh at that point." Specifically, Mr. Lemmons did not

"go into any of the specifics of [his] concerns" and that he had no knowledge of other board members conveying concerns to the emergency managers. Id. 75:15-76:11.

Mr. Lemmons cannot testify as to Mr. Pugh's reputation or other character evidence because that is not a fact in issue in this case. To the extent that Plaintiff will offer Mr. Lemmons with respect to notice to DPS, the Court should preclude him from offering character evidence because he never conveyed Mr. Pugh's purported reputation to the emergency managers.

### *Nathaniel Hill*

Mr. Hill is an impeachment witness and will testify that he worked for Mr. Pugh for several years beginning when he was 14-years old. According to Mr. Hill, Mr. Pugh, on several occasions, would watch gay pornography and that many of the actors "were very young and appeared to be adolescent or very young adults." Hill Aff. Ex. 5.  Mr. Hill claims to have witnessed "a number of small incidents involving body language and/or the way Mr. Pugh spoke to me and/or looked at me that made me uncomfortable because they seemed to be sexual advances." He also claims to have seen Mr. Pugh and a "teenage boy" alone in a WJBK studio. Ex. 5 ¶ 14. According to Mr. Hill, he, without solicitation, sent Mr. Pugh a photo of himself wearing his underwear and Mr. Pugh allegedly texted him back and asked to "see more."

These are specific instances of conduct of Mr. Pugh's alleged character. FED. R. EVID. 404(b) bars this testimony because Mr. Pugh's character or character trait is not an essential element of a claim or defense.

At the Final Pretrial Conference, Plaintiff's counsel also indicated that he would call Mr. Hill only to impeach Mr. Pugh. Specifically, if Mr. Pugh denied Mr. Hills' absurd claims, then he would call Mr. Hill as a witness to show that Mr. Pugh was not being truthful. This is extrinsic evidence offered to attack Mr. Pugh's credibility and is inadmissible under FED. R. EVID. 608(b).

### Marcus Bright

Mr. Bright is also an impeachment witness that Plaintiff's counsel stated he would call only if Mr. Pugh testifies contrary to Mr. Bright's affidavit. The affidavit states that Mr. Bright, when he was 17 or 18, received text messages with "an unmistakable sexual overtone for about a week." Bright Aff. Ex. 6.  Just like Mr. Hill, this is extrinsic evidence offered to attack Mr. Pugh's credibility and is not admissible under FED. R. EVID. 608(b).

### CONCLUSION

For the reasons set forth above, Charles Pugh respectfully requests that this Court: (A) exclude Plaintiff from offering improper character evidence through the testimony of Tawana Simpson, Elena Herrada, Ida Short, LaMar Lemmons,

Marcus Bright and Nathaniel Hill; and (B) prohibit Plaintiff, his counsel, and

witnesses from using certain words to describe Mr. Pugh or his conduct.

Respectfully submitted:

/s/ Marc A. Deldin
Deldin Law, PLLC
48 S. Main, Suite 3
Mount Clemens, MI 48043
(586) 741-8116
marc@deldinlaw.com
P71041
*Attorney for Charles Pugh only*

October 5, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2015 , I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send

notification of such filing to all registered users that have appeared in this action.

/s/ Marc A. Deldin
Deldin Law, PLLC
48 S. Main, Suite 3
Mount Clemens, MI 48043
(586) 741-8116
marc@deldinlaw.com
P71041
*Attorney for Charles Pugh only*

October 5, 2015