UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K.S.,

        Plaintiff,                                        Case Number 14-12214

v.                                                      Honorable David M. Lawson

DETROIT PUBLIC SCHOOLS,
CHARLES PUGH, ROY ROBERTS,
ROBERT BOBB, BERRY GREER,
and MONIQUE MCMURTRY,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTIONS *IN LIMINE* AND GRANTING IN PART MOTION TO QUASH SUBPOENA

This matter is before the Court on six motions *in limine* filed by the parties and a motion to quash the plaintiff's trial subpoena by non-party witness Ross Jones. The Court has reviewed the submissions of the parties and heard oral argument on October 23, 2015. During the course of the hearing the Court announced from the bench its decisions on the various motions.

Accordingly, it is **ORDERED** that the defendants' omnibus motion [dkt. #109] is **GRANTED IN PART AND DENIED IN PART** for the reasons stated on the record. The request to exclude the supplemental report of Dr. Gerald Sheiner from use as an exhibit at trial is **GRANTED**. The request for a ruling admitting certain text messages sent by the plaintiff to third parties is **DENIED**. In all other respects, the motion is **DENIED** without prejudice. As to witnesses and exhibits not specifically addressed by this ruling, the defendants may raise at trial any appropriate contemporaneous objection that they may have.

It is further **ORDERED** that the plaintiff's motion to exclude evidence of other sexual relationships and certain text messages [dkt. #110] is **GRANTED**. The text messages sent by the

plaintiff that were proffered by the DPS defendants in [dkt. #109] and all other evidence of the plaintiff's sexual relationships and conduct involving third parties is **EXCLUDED**.

It is further **ORDERED** that the plaintiff's motion to exclude documents filed in the City of Detroit bankruptcy case [dkt. #111] is **DENIED** as moot.

It is further **ORDERED** that the plaintiff's motion to preclude any argument that the plaintiff welcomed defendant Pugh's conduct [dkt. #112] is **DENIED**.

It is further **ORDERED** that defendant Pugh's motion to exclude video recordings [dkt. #113] is **GRANTED IN PART AND DENIED IN PART**. The request to exclude a video recording of an interview of the defendant by Ross Jones is **DENIED**. As to the video that depicts the plaintiff's mother's account of a phone conversation between the plaintiff's mother and the defendant, the request to exclude the video is **GRANTED**, but the plaintiff may seek to revisit this ruling at trial if he can lay a sufficient foundation to establish the relevance and admissibility of the video or any part of it, and the defendant contemporaneously may raise any appropriate objection that he may have. The motion is **GRANTED** as to all of the other video recordings proffered by the plaintiff, and they are **EXCLUDED**.

It is further **ORDERED** that defendant Pugh's motion to bar the use of certain words and character evidence [dkt. #114] is **GRANTED IN PART AND DENIED IN PART**. The request to bar the use at trial of the word "pedophile" is **GRANTED**. The Court directs the attorneys for all parties to instruct their witnesses not to use that word or any variations of it during their testimony. If any party feels that use of the word or some variant of it is necessary to a complete presentation by any witness, then the party may seek relief from this ruling by seeking a sidebar conference before offering any testimony that may involve use of the prohibited terms. The request

to exclude testimony by witnesses Tawana Simpson, Ida Short, Elena Herrada, and Lamar Lemmons is **DENIED**. The motion is **DENIED** without prejudice in all other respects. As to witnesses and testimony not specifically addressed by this ruling, defendant Pugh may raise at trial any appropriate contemporaneous objection that he may have.

It is further **ORDERED** that non-party Ross Jones's motion to quash the plaintiff's trial subpoena or in the alternative for entry of a protective order [dkt. #139] is **GRANTED IN PART**. The request to quash the plaintiff's trial subpoena is **DENIED**, but that subpoena shall be regarded as a summons for Mr. Jones to appear for a deposition *de bene esse*, at a suitable time and place to be arranged by the parties. The request for a protective order is **GRANTED**. Examination during the deposition of Mr. Jones shall be limited to matters in the public record. The motion is **DENIED** in all other respects.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: October 23, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

---