UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K.S.,

        Plaintiff,                                 Case Number 14-12214

v.                                                    Honorable David M. Lawson

DETROIT PUBLIC SCHOOLS,
CHARLES PUGH, ROY ROBERTS,
ROBERT BOBB, BERRY GREER,
and MONIQUE MCMURTRY,

        Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANT PUGH'S MOTIONS
TO QUASH SUBPOENA AND TO ESTABLISH MODE OF
PRESENTING HIS *DE BENE ESSE* DEPOSITION TESTIMONY**

      Before the Court are two motions filed by defendant Charles Pugh concerning the presentation of his testimony at a trial that is scheduled to begin tomorrow. Pugh is a former Detroit resident who has relocated to New York City. He has expressed through counsel his intention not to attend the trial in this case, in which the plaintiff, who has been known up to now by the pseudonym K.S., has alleged that Pugh misused his position as a volunteer teacher of sorts at the Frederick Douglass Academy to cultivate a homosexual relationship with the plaintiff. Plaintiff's counsel served Pugh with a subpoena to testify at trial. In pretrial conferences both on and off the record, the Court was quite clear in its direction that it would not compel Pugh to attend the trial in person, but it would order that he present himself for a trial deposition (known in the trade as a "*de bene esse* deposition") in his new hometown. It appears that such a deposition has been completed. But because the trial subpoena remains outstanding — and despite the plaintiff's repeated assurances that he does not intend to attempt enforcement — Pugh contends that the Court should quash it and

bar the plaintiff from commenting pejoratively on Pugh's absence at trial. That is Pugh's first motion. The plaintiff filed an opposing answer.

Pugh's second motion is directed to the presentation of his deposition testimony at trial. Pugh alleges that he has learned that plaintiff's counsel does not intend to present Pugh's *de bene esse* deposition at trial in its entirety; rather, he intends to offer excerpts at various times throughout the trial during the plaintiff's case-in-chief. Plaintiff's counsel responded to the motion confirming that he will not present the entire deposition. But he has dodged the argument that he will present the clips from the testimony here and there during his case, stating only that he intends to call Pugh via video deposition as his second witness.

Defendants Detroit Public Schools, Roy Roberts, Robert Bobb, Berry Greer, and Monique McMurtry (the DPS defendants) filed a concurrence in defendant Pugh's second motion, but they do not ask for any additional relief, and they do not develop any of the arguments.

A.

The plaintiff's first motion has technical merit, at least in part. The trial subpoena served on defendant Pugh is unenforceable under Federal Rule of Civil Procedure 45. "A subpoena may command a person to attend a trial . . . *only* . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P.45 (c)(1)(A) (emphasis added); *United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006). There is no serious contention that Pugh's assertion that he has moved to New York and has no regular business ties within this district is false. The plaintiff has offered no legal basis that would permit enforcement of the trial subpoena to compel Pugh's personal attendance. And since

Pugh has submitted to a video *de bene esse* deposition already, the plaintiff's subpoena commanding Pugh's personal appearance at trial serves no useful purpose. The subpoena will be quashed.

Pugh's related argument — that the plaintiff should be barred from mentioning Pugh's failure to attend the trial — does not necessary follow. Certainly, Pugh is entitled to stand on his rights to invoke the protection of the 100-mile limitation in Rule 45. But he is wrong that his lack of attendance is irrelevant.

At common law, the personal appearance of a witness at trial became one of the "testimonial guarantees" designed to promote the "reliability of the evidence considered by disinterested fact finders." *United States v. Chapin*, 231 F. Supp. 2d 600, 606 (E.D. Mich. 2002) (explaining that "'[i]n order to encourage witnesses to put forth their best efforts and to expose inaccuracies that might be present with respect to any of the foregoing factors, the Anglo-American tradition evolved three conditions under which witnesses ordinarily are required to testify: oath, personal presence at trial, and cross-examination'" (quoting 2 McCormick on Evidence, § 245, p. 93 (5th ed.1999)). Those testimonial guarantees were "constitutionalized" in the Sixth Amendment's Confrontation Clause, *see Hamilton v. McLemore*, No. 01-10121, 2004 WL 1765483, at *10 (E.D. Mich. July 9, 2004), which does not apply as a constitutional protection in a civil action. But that does not diminish value of the personal appearance as an aid to the factfinder, which, in its search for truth, would otherwise have the opportunity "to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility." *California v. Green*, 399 U.S. 149, 158 (1970).

Pugh's voluntary absence from trial — thereby depriving the jury of one of the tools it might have used to assess his credibility — is relevant to the issues in this case. "[T]he credibility of a

-3-

witness is always relevant . . . ." *United States v. Vandetti*, 623 F.2d 1144, 1150 (6th Cir. 1980) (citing Fed. R. Evid. 608). And although relevant evidence sometimes may be excluded if it is "substantially outweighed" by the danger of unfair prejudice, Fed. R. Evid. 403, Pugh has not explained how commenting on his absence at trial could be considered unfair.

The Court will not prevent the plaintiff from arguing that Pugh's absence from trial is a factor they might consider in determining his credibility.

B.

The use of depositions in court proceedings is governed by Civil Rule 32. Defendant Pugh argues that the rule should not be applied *in toto* to the presentation of *de bene esse* depositions, but rather the procedures should reflect as closely as possible the presentation of live witnesses at trial. To that end, Pugh insists that the plaintiff should not be able to chose excerpts from his *de bene esse* deposition, but must offer it as it was taken, less objections that should be purged from that record.

The plaintiff objects to any limitation that would require him to present Pugh's deposition in its entirety. He points to Rule 32(a)(6), which contemplates a party offering in evidence "only a part of a deposition," and permits "any [other] party [to] itself introduce any other parts." Fed. R. Civ. P. 32(a)(6). The plaintiff says that under that rule, the defendant may offer those portions of his deposition in his own case-in-chief.

The plaintiff is correct, but only to a point. Rule 32 does not distinguish the use of discovery depositions and trial depositions. *See Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991). Instead, it allows a party to use "all or part of a deposition" against an opposite party, under conditions that are satisfied here. Fed. R. Civ. P. 32(a)(1). And the rule also allows a party to "use for any purpose the deposition of a witness," including a party, who is unavailable for trial. Fed. R. Civ. P. 32(a)(4).

Pugh certainly is unavailable, as he lives and regularly conducts business outside this district and more than 100 miles from the courthouse, *see* Fed. R. Civ. P. 32(a)(4)(B), and he has stated his intention to stay away from the trial. According to the DPS defendants, Pugh's *de bene esse* deposition lasted about six hours. There is no rule (mercifully) that requires the deposition to be offered in full. The plaintiff may offer excerpts.

Other rules come into play here, though. First, the Court has the authority to exercise "reasonable control over the mode and order of examining witnesses and presenting evidence," so as to "make those procedures effective for determining the truth," to "avoid wasting time," and to "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). And the Court enjoys "'substantial discretion'" in managing [its] courtroom." *United States v. Fields*, 763 F.3d 443, 465 (6th Cir. 2014). Second, when a witness testifies by deposition, and the offering party chooses to submit only excerpts, "an adverse party may require *the offeror* to introduce other parts that in fairness should be considered with the part introduced." Fed. R. Civ. P. 32(a)(6) (emphasis added). Third, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, *at that time*, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106 (emphasis added). When read together, these rules make clear that Pugh is not relegated to offering additional parts of his deposition in his own case-in-chief. Rather, he may require the plaintiff to offer additional parts of the deposition at the time of the initial presentation. And the Court may prescribe the manner of doing so.

To make the presentation of Pugh's recorded testimony efficient and sensible to the jury, the plaintiff will be required to designate to the defendants those portions of Pugh's prior recorded

testimony that he intends to offer at trial. The plaintiff states that he has done that already. If not he must do so immediately. The defendants then must identify those parts of Pugh's testimony that they want presented along with the plaintiff's excerpts. That designation also must be made promptly. The plaintiff may "call" Pugh as a trial witness in whatever order of the proofs the plaintiff deems appropriate in his case-in-chief. However, he may present that testimony only once; that is, all the excerpts must be presented before the plaintiff may call any additional witnesses.

Although some courts have allowed parties to recall witnesses to testify at various intervals of a case-in-chief, that practice usually is confined to "cases involving complex conspiracies or activities occurring over a long period." *See United States v. Dimora*, 843 F. Supp. 2d 799, 822-23 (N.D. Ohio 2012) (collecting cases). This case involves neither. There is no reason here why the plaintiff cannot present Pugh's trial testimony in one sitting. The Court will not address at this time whether the plaintiff will be allowed to offer additional testimony by Pugh in the plaintiff's rebuttal case, if any.

* * * * * * * * * * * *

Based on the motions and response, it is plain that the parties require guidance in the manner in which testimony and argument will presented to the jury.

Accordingly, it is **ORDERED** that defendant Charles Pugh's motions to quash the trial subpoena [dkt. #150] and to establish the mode of presenting his *de bene esse* deposition testimony [dkt. #151] are **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the trial subpoena served on Charles Pugh is **QUASHED**. The motion [dkt. #150] is **DENIED** in all other respects.

It is further **ORDERED** that the plaintiff must forthwith designate to the defendants those portions of Charles Pugh's prior recorded testimony that he intends to offer at trial. **On or before 4:30 p.m. on November 3, 2015**, the defendants must identify those parts of Pugh's testimony that they want presented along with the plaintiff's excerpts.

It is further **ORDERED** that the plaintiff may present the deposition testimony of Charles Pugh without interruption for other evidence, and no more than once during his case-in-chief. The motion [dkt. #151] is **DENIED** in all other respects.

It is further **ORDERED** that the DPS defendants' concurrence in defendant Pugh's motion to establish the mode of presenting testimony of *de bene esse* witnesses [dkt. #155] is **DENIED as moot**.

                                             s/David M. Lawson
                                             DAVID M. LAWSON
                                             United States District Judge

Dated: November 2, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2015.

                                 s/Susan Pinkowski
                                 SUSAN PINKOWSKI