UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K.S.,
Plaintiff,

Case No. 14-cv-12214
Hon. David M. Lawson
Mag. Michael J. Hluchaniuk

v.

DETROIT PUBLIC SCHOOLS, a
Michigan municipal corporation, CHARLES PUGH,
ROY ROBERTS, ROBERT BOBB, BERRY GREER,
and MONIQUE MCMURTRY,

    Defendants.
_____/

| | |
|---|---|
| SEIKALY STEWART & BENNETT, P.C. | DETROIT PUBLIC SCHOOLS |
| Attorneys for Plaintiff | OFFICE OF GENERAL COUNSEL |
| WILLIAM R. SEIKALY (P33165) | Attorneys for Defendants Detroit Public |
| BENJAMIN J. WILENSKY (P75302) | Schools, Roy Roberts, Robert Bobb, Berry |
| 30455 Northwestern Highway, Ste. 250 | Greer, and Monique McMurtry |
| Farmington Hills, MI 48334 | THEOPHILUS E. CLEMONS (P47991) |
| (248)785-0102 | PHYLLIS HURKS-HILL (P48809) |
| wrs@sslawpc.com | REBECCA SHAW-HICKS (P40732) |
| | 3011 W. Grand Blvd., Ste. 1002 |
| | Detroit, MI 48202 |
| | (313) 873-4527 |
| | Theophilus.clemons@detroitk12.org |
| | |
| | DELDIN LAW, PLLC |
| | Attorneys for Defendant Charles Pugh |
| | MARC A. DELDIN (P71041) |
| | 48 South Main Street, Ste. 3 |
| | Mount Clemens, MI 48043 |
| | (586) 741-8116 |
| | marc@deldinlaw.com |

_____/

**PLAINTIFF'S MOTION TO REGISTER JUDGMENT AGAINST
DEFENDANT CHARLES PUGH IN OTHER DISTRICTS**

-1-

NOW COMES the Plaintiff, K.S., by and through his counsel, SEIKALY STEWART & BENNETT, P.C., and for his Motion to Register Judgment Against Defendant Charles Pugh in Other Districts states:

1. Following the jury trial in this matter, Plaintiff holds a judgment against Defendant Charles Pugh ("Pugh") in the amount of $250,000. (Dkt. no. 175.)

2. On January 19, 2016, Pugh filed a notice of appeal of the judgment. (Dkt. no. 179.)

3. Pugh has not filed a supersedeas bond to protect Plaintiff's interests during the pendency of appeal. Thus, Defendant is not entitled to a stay of proceedings to enforce the judgment under Fed. R. Civ. P. 62(d), or under any other provision.

4. As the Court is aware, Pugh now resides in Manhattan, within the County of New York, State of New York, which, in turn, is within the jurisdiction of the United States District Court for the Southern District of New York.

5. Plaintiff intends to take a creditor's examination of Pugh, but it seems apparent that he has little to no assets in the State of Michigan. Pugh has testified that he has no plans to return to Detroit. *Deposition of Pugh* at 282:3-5 (Exhibit 1). He also testified that he did not own his last residence in Detroit. *Id.* at 56:1. Plaintiff is not aware of any assets belonging to Pugh that are within this State.

6. Conversely, Pugh has testified that he is employed by Harlem Jazz Enterprises, for whom he operates two restaurants. *Id.* at 16:19-23. Upon information and belief, the two restaurants owned by Harlem Jazz Enterprises are named The Cecil and Minton's, and both are located in Manhattan. Exhibit 2.

7. As Pugh resides and works in Manhattan, it is likely that he has wages subject to garnishment and property subject to execution there in order to satisfy Plaintiff's judgment.

8. To the extent that Pugh's assets are identified as being located in other states, through a creditor's examination or other means, Plaintiff should be permitted to register the judgment in those states as well. *Chevron Corp. v. Republic of Ecuador*, 987 F.Supp.2d 82, 85 (D.D.C. 2013).

9. As Pugh has failed to provide security for the judgment, Plaintiff is entitled to begin collection on that judgment expeditiously, before Pugh has further opportunity to hide or conceal assets.

10. In order for Plaintiff's judgment to have effect in another district, it must be registered in that district. See generally *Condaire v. Allied Piping, Inc.*, 286 F.3d 353 (6th Cir. 2002).

11. The procedure for registration is provided by 28 U.S.C. § 1963, which provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the

>Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. [ . . . ] A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

12. Thus, while Pugh has filed an appeal in this matter, this Court, as the Court which entered the judgment in this matter, may still order that the judgment may be registered in other district courts.

13. As detailed in the attached brief in support, other courts examining the issue have repeatedly found that good cause to permit registration exists where an appealing defendant does not have assets in the district where the judgment was rendered, and likely has assets in another district. Courts presented with that situation, and where a supersedeas bond has not been filed, have been even more liberal in finding good cause for registration.

14. Accordingly, Plaintiff submits that good cause exists to permit Plaintiff to register his judgment in the Southern District of New York, and in any other district court where Plaintiff believes that Pugh may have assets to satisfy his judgment.

15. Pursuant to E.D. Mich. L.R. 7.1(a), on January 21, 2016, counsel for Plaintiff engaged in a telephone conference with counsel for Defendant Pugh, during which time he explained the nature of the motion, the legal basis of the

motion, and the relief requested. Plaintiff's counsel followed up this telephone call with a detailed e-mail to both counsel for Pugh and counsel for the Detroit Public Schools, in which the basis for the motion and the relief sought was again explained in detail. Plaintiff waited until the following day to file this Motion, to provide ample time for concurrence to be given. Despite these efforts, concurrence was not obtained.

WHEREFORE, for all the foregoing reasons, Plaintiff K.S. respectfully requests that this Honorable Court issue an Order permitting Plaintiff to register his judgment (Dkt. no. 175) against Defendant Charles Pugh in other United States District Courts, for the purpose of satisfying that judgment. Plaintiff also requests payment of the costs and reasonable attorney's fees associated with having to bring this Motion, pursuant to the Court's inherent authority, as well as pursuant to E.D. Mich. L.R. 7.1(a)(3), because of the unreasonable withholding of consent.

        Respectfully submitted,

        SEIKALY STEWART & BENNETT, P.C.
        Attorneys for Plaintiff

By:   /s/ Benjamin J. Wilensky
     WILLIAM R. SEIKALY (P33165)
     BENJAMIN J. WILENSKY (P75302)
     30445 Northwestern Hwy., Ste. 250
     Farmington Hills, Michigan 48334
     (248) 785-0102

Dated: January 22, 2016

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

K.S.,  
    Plaintiff,

Case No. 14-cv-12214  
Hon. David M. Lawson  
Mag. Michael J. Hluchaniuk

v.

DETROIT PUBLIC SCHOOLS, a
Michigan municipal corporation, CHARLES PUGH,
ROY ROBERTS, ROBERT BOBB, BERRY GREER,
and MONIQUE MCMURTRY,

    Defendants.

_____/

| | |
|---|---|
| SEIKALY STEWART & BENNETT, P.C. | DETROIT PUBLIC SCHOOLS |
| Attorneys for Plaintiff | OFFICE OF GENERAL COUNSEL |
| WILLIAM R. SEIKALY (P33165) | Attorneys for Defendants Detroit Public |
| BENJAMIN J. WILENSKY (P75302) | Schools, Roy Roberts, Robert Bobb, Berry |
| 30455 Northwestern Highway, Ste. 250 | Greer, and Monique McMurtry |
| Farmington Hills, MI 48334 | THEOPHILUS E. CLEMONS (P47991) |
| (248)785-0102 | PHYLLIS HURKS-HILL (P48809) |
| wrs@sslawpc.com | REBECCA SHAW-HICKS (P40732) |
| | 3011 W. Grand Blvd., Ste. 1002 |
| | Detroit, MI 48202 |
| | (313) 873-4527 |
| | Theophilus.clemons@detroitk12.org |
| | |
| | DELDIN LAW, PLLC |
| | Attorneys for Defendant Charles Pugh |
| | MARC A. DELDIN (P71041) |
| | 48 South Main Street, Ste. 3 |
| | Mount Clemens, MI 48043 |
| | (586) 741-8116 |
| | marc@deldinlaw.com |

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REGISTER JUDGMENT AGAINST DEFENDANT CHARLES PUGH IN OTHER DISTRICTS

## INTRODUCTION

The primary facts in support of the Motion are stated in the Motion itself. Briefly, the collectability of Plaintiff's judgment against the Defendant, Charles Pugh, is imperiled because 1) to Plaintiff's knowledge, Pugh lacks assets, collectible or otherwise, within the State of Michigan; and, 2) Pugh has not filed a supersedeas bond to secure Plaintiff's judgment during the pendency of appellate proceedings. The situation can be remedied somewhat through enforcement of the judgment in the Southern District of New York, where Pugh lives, works, and very likely has assets. But, the judgment must be registered in that district in order to be enforced there. Because Pugh has appealed the judgment, it seems likely that 28 U.S.C. § 1963 requires that, before Plaintiff can enforce the judgment in other districts, this Court must first issue an order, upon a showing of good cause, permitting Plaintiff to register the judgment elsewhere.

Barring such an order, Pugh would likely have the entire duration of the appellate process (which, as the Court certainly knows, may take in excess of a year – or years – to complete) to squander or hide assets otherwise available to satisfy the judgment, even notwithstanding the fact that enforcement of the judgment is not stayed in any fashion. This situation would work grave injustice upon Plaintiff. It also presents an unjust incongruity for Plaintiff: if Pugh's assets were in Michigan, Plaintiff would be able to enforce the judgment now; but,

because his assets are located out-of-state, the viability of Plaintiff's judgment is tenuous without relief from the Court. Plaintiff submits that, under the circumstances presented, good cause exists to permit him to register his judgment in other districts where Pugh may have assets, including but not limited to the Southern District of New York, so that he may begin enforcing the judgment where assets are present.

## ARGUMENT

Courts examining the issue have readily found the existence of good cause under like circumstances. *Associated Business Telephone Systems Corp. v. Greater Capital Corp.*, 128 F.R.D. 63 (D.N.J. 1989) was one of the first cases applying 28 U.S. C. § 1963 following significant 1988 amendments. In *Associated Business*, the plaintiff received a judgment for $1.3 million. The defendants, who lacked assets in New Jersey, filed several post-trial motions. The plaintiff opposed the motions, and filed its own motion to finalize the judgment, and register it in states where it believed that Defendants had assets. The Court noted that the previous version of § 1963 lacked a provision for registration upon a showing of good cause, and worked significant hardships upon victorious plaintiffs – whose victories under the circumstances were, in reality, mere "Pyrrhic victories":

> Instead of granting an automatic stay of proceedings pending appeal, the Federal Rules of Civil Procedure require "an appellant [to submit] a supersedeas bond." *See* Fed.R.Civ.P. 62(d). Thus, standing alone,

> Fed.R.Civ.P. 62(d) forbade a stay of proceedings pending appeal absent the posting of security.
>
> The dilemma arose when Fed.R.Civ.P. 62(d) was effectively circumvented by litigants through a disingenuous implementation of 28 U.S.C. § 1963. While Fed.R.Civ.P. 62(d) does not permit a stay of proceedings unless a supersedeas bond is posted, § 1963 enabled a judgment debtor who possessed insufficient assets in the forumstate, yet who nonetheless possessed sufficient assets in a foreign jurisdiction, to effectively cease registration and execution on the judgment by simply filing an appeal and invoking the safeguards of 28 U.S.C. § 1963. In so doing, litigants received a "de facto" stay of the proceedings since the forum court, in accordance with the literal language of § 1963, could not issue a registration of judgment until the appellate process was "final." [ . . . ]
>
> Since a majority of jurists applied a literal reading of § 1963, most judgment-creditors essentially became victims of the inconsistency between 28 U.S.C. § 1963 and Fed.R.Civ.P. 62(d). As stated in the Commentary to the 1988 amendment,
>
>> the difficulty with the pre-amendment § 1963 is that the literal application of its language about the appellate process being complete at home before registration is permitted abroad meant that during the appeal's pendency there could be no registration elsewhere, and hence no acquisition of a lien elsewhere. This meant in turn that the judgment debtor was free to take advantage of the delay entailed by the appeal and remove his property from the other district, frustrating potential enforcement there even if his appeal did not succeed.

*Id.* at 65-66. This is precisely the situation faced by Plaintiff in the instant case.

Fortunately, and as the *Associated Business* court noted, Congress amended § 1963 and added the option of registration upon a showing of good cause to ameliorate

against such an "inequitable application of" § 1963. *Id.* at 66. The court went on to hold that good cause was established for registration abroad:

> According to the commentary to 28 U.S.C. § 1963, good cause is described as:
>
>> a showing that the defendant plans to remove property from the other district, but that may require more evidence than it is fair to exact of a plaintiff (judgment-creditor) who has, after all, already prevailed at trial level on the merits of his claim. *The court should have leeway under this new provision to permit the regulation on a lesser showing—a mere showing that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment* (emphasis added).
>
> Defendants allege that their current motions pending before this court are meritorious, and therefore, the premature registration of judgment may evolve in an expensive consequence should they achieve success on appeal. While not commenting on the merits of defendants' motions, <u>this court concludes that the distinct possibility of plaintiff being faced with an unsatisfied judgment is sufficient "good cause" to order the registration entered notwithstanding the alleged inconvenience and cost to defendant</u>.

*Id.* at 66-67 (underlined emphasis supplied). Here, Plaintiff certainly faces the possibility of an unsatisfied judgment without the intervention of this Court. Per *Associated Business*, and indeed, the commentary to §1963, good cause exists here for registration.

Numerous cases issued by appellate and trial courts subsequent to *Associated Business* have followed suit. See, e.g., *Chicago Downs Ass'n v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991) (affirming ruling finding the existence of good

cause where the defendant owned no property in the district where the judgment was rendered, owned property in other districts, and a supersedeas bond was not furnished); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1198 (9th Cir. 2001) (affirming finding of good cause where the defendant lacked assets in rendering state, but owned substantial property in another state); *U.S. v. D'Elegance Management, Ltd.*, 2000 WL 966034, *7-8 (4th Cir. July 13, 2000) (unpublished) (Exhibit 3) (same); *Johns v. Rozet*, 143 F.R.D. 11, 13 (D.D.C. 1992) (finding good cause where supersedeas bond was not furnished, and defendant had no assets in the rendering district, but did in another); *Chevron Corp. v. Republic of Ecuador*, 987 F.Supp.2d 82 (D.D.C. 2013) (same, and permitting registration in any district); *Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F.Supp.2d 49, 50-52 (D.D.C. 2006) (same); *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993) (same); *Citizens Bank v. Parnes*, 2009 WL 2044263 (E.D. Mich. July 9, 2009) (Battani, J.) (Exhibit 4) (finding good cause for registration in New York where defendant had assets there, but not in Michigan).

Especially notable are the numerous cases which permit registration of the judgment in any district where assets may be found. See *Chevron Corp.*, 987 F.Supp.2d at 85 (collecting cases, and noting that permitting registration in any district prevents the "shell game" of continually moving assets between districts in

order to avoid enforcement); *Associated Business*, 128 F.R.D. at 68 (permitting registration in "Illinois and elsewhere.").

It should be noted that Pugh is not without a remedy: if he posts a supersedeas bond in the amount of the judgment, Plaintiff will be protected, and therefore will not seek to register the judgment elsewhere during the pendency of the appeal (unless the bond is withdrawn). Indeed, obtaining a bond under Rule 62 provides protection to both parties, as noted by the *Associated Business* court:

> Further, contrary to what defendants seem to infer, the granting of plaintiff's motion will not translate into an immediate execution of their assets. Rather, as we assume defendants are aware, they can stay the proceedings simply by posting a supersedeas bond pursuant to Fed.R.Civ.P. 62(d). If, as they maintain, their claims are meritorious and their appeals are successful, the judgment previously entered and registered "can simply be removed in the foreign district by motion if by no simpler means." *See* Fed.R.Civ.P. 60(b)(5) and Siegel, *Commentary to 1988 Revision,* 28 U.S.C. § 1963 (West Supp.1989).

*Id.* at 67. But, barring the furnishing of such a bond, Plaintiff respectfully submits that he is entitled to a modicum of protection for his judgment, and good cause exists to permit registration abroad.

Finally, Plaintiff respectfully submits that Pugh should be required to compensate Plaintiff's costs and attorney fees for having to file this Motion. Pugh has failed to provide a bond, and has refused to concur in the motion when the undisputed weight of authority is against his position. Under such circumstances, Plaintiff submits that the Court can and should impose sanctions under its inherent

authority. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (confirming that "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)).  Plaintiff also suggests that an award of costs and fees would also be appropriate under E.D. Mich. L.R. 7.1(a)(3), because consent has been unreasonably withheld.

In any event, good cause clearly exists for registration outside this District. The Motion should be granted.

Respectfully submitted,

SEIKALY STEWART & BENNETT, P.C.
Attorneys for Plaintiff

By:  /s/ Benjamin J. Wilensky
WILLIAM R. SEIKALY (P33165)
BENJAMIN J. WILENSKY (P75302)
30445 Northwestern Hwy., Ste. 250
Farmington Hills, Michigan 48334
(248) 785-0102

Dated: January 22, 2016

### CERTIFICATE OF SERVICE

Benjamin J. Wilensky hereby certifies that on this 22nd day of January, 2016, he filed the foregoing document with the Clerk of the Court via the Court's ECF system, which will automatically serve the document upon all counsel of record.

/s/ Benjamin J. Wilensky (P75302)